(C.D. 3027)

THORNLEY & PITT
BENGT & ELLEN RICKBERG IMPORT } v. UNITED STATES

United States Customs Court, Second Division

(Decided June 8, 1967)

*Glad & Tuttle* (*George R. Tuttle* of counsel) for the plaintiffs.

*Carl Eardley*, Acting Assistant Attorney General (*Harold L. Grossman*, trial attorney), for the defendant.

Before RAO and FORD, Judges

RAO, Chief Judge: Certain metal coat hangers and knobs and certain metal drawer pulls, imported from Denmark, were classified for customs duty purposes within the provisions of paragraph 397 of the Tariff Act of 1930 for articles or wares not specially provided for, composed wholly or in chief value of brass or bronze, and duty was assessed thereon at the rate of 17 per centum ad valorem by virtue of the modification of said paragraph by Presidential Proclamation No. 3513, 98 Treas. Dec. 51, T.D. 55816. A copper tax of 1.275 cents per pound pursuant to section 4541, title 26 of the United States Code, as modified by the Sixth Protocol of Supplementary Concessions to the

General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, was also imposed and is not controverted.

It is plaintiffs' contention, however, that the customs duty assessment should have been at the rate of only 11 per centum ad valorem, and the merchandise should have been classified as household utensils, not specially provided for, composed wholly or in chief value of brass, in paragraph 339 of the Tariff Act of 1930, as modified by Presidential Proclamation No. 3513, *supra.*

The provision for household utensils in paragraph 339 of the tariff act, as modified, has been the subject of much litigation over the course of years, and the requirements for classification thereunder are definite and certain. The first such requirement is that an article must be a "utensil," dedicated to a utilitarian rather than a decorative purpose. *L. Tobert Co., Inc., American Shipping Co.* v. *United States,* 41 CCPA 161, C.A.D. 544; *United States* v. *S. P. Skinner Co., Inc.,* 46 CCPA 105, C.A.D. 708. The second requirement is that such a utensil must be chiefly used in the household for the care and maintenance of the home or for the comfort and convenience of the householders. *United States* v. *Lipman's,* 52 CCPA 59, C.A.D. 859.

The question to be determined in the case at bar is whether the plaintiffs herein have met their burden of proof since it falls to the plaintiffs not only to prove that the customs classification of the merchandise was wrong but also that their claimed classification is correct. *Edward Hyman Co.* v. *United States,* 52 CCPA 51, C.A.D. 857.

Seven exhibits were received in evidence as representing the various items of merchandise in issue. Exhibits 1 and 2 were described as drawer pulls and referred to as items number 121 and 122. Exhibits 3, 4, 5, and 7 described as coat hangers are known as items number 111, 110, 114, and 115, respectively. And exhibit 6 called a coat "knob" or coat hanger was identified as item number 112.

The only witness who testified in this case was Bengt Rickberg, a partner in the firm of Rickberg Importers, the actual consignee of the merchandise at bar. The business of his firm is concerned with the importation and sale of furniture and of a line of hardware consisting of coat knobs, coat hangers, and drawer pulls.

After testifying to his familiarity with the articles in controversy and the fact that he did not know of any use for said articles other than their names imply, Witness Rickberg stated that he had sold such merchandise "all over the United States through wholesalers, hardware stores, to architects which specify them for their work, restaurants, airports, and so forth. IBM Corporation specified these solely for their installation, * * *."

The foregoing résumé of the testimony represents the sum total of the basic proofs submitted by plaintiffs in support of their claim for

classification of the articles as household utensils within the scope of paragraph 339 of the tariff act, as modified.

We are of the opinion that, on such a meager record, plaintiffs have failed to sustain the burden imposed upon them. Even granting *arguendo* that exhibits 1 through 7 referred to, *supra*, serve a utilitarian purpose and are "utensils" for the purposes of paragraph 339, there is no basis whatsoever for a holding on the record before us that said articles are chiefly used in the household for the care and maintenance of the home or for the comfort and convenience of the householders. In view of plaintiffs' failure of proof, the court has no alternative but to overrule all claims in the protest.

Judgment will be entered accordingly.